[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 14, 2005
THOMAS K. KAHN
CLERK

No. 05-10441
Non-Argument Calendar

_____

D. C. Docket No. 03-02360-CV-WBH-1

CAMERON EUGENE WILLIAMS,

Plaintiff-Appellant,

versus

SOUTH FULTON REGIONAL JAIL,
KENNEDY, U.S. Marshal,
U.S. MARSHAL SERVICE,

Defendants-Appellees,

GRADY MEDICAL CENTER,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 14, 2005)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Cameron Eugene Williams, a federal prisoner proceeding  pro se, appeals the district court's grant of summary judgment in favor of South Fulton Regional Jail ("SFRJ"), Richard Kennedy, and the U.S. Marshal Service ("USMS"),[1] in his civil rights lawsuit, filed pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), alleging deliberate indifference to his medical needs regarding a mass in his chest. On appeal, Williams argues that the district court erred by granting summary judgment in favor of the defendants because he presented evidence that the prison officials were aware of his medical needs and delayed medical treatment of his condition. He further argues that, as a pretrial detainee,[2] he needed to show only that he was incarcerated under conditions posing a substantial risk of serious harm

---

[1]Pursuant to 28 U.S.C. § 1915A, the district court previously had dismissed Williams's claim against Grady Medical Center, finding that his claim, at most, could be construed to allege negligence or medical malpractice, which are not actionable in a federal civil rights action. Because Williams does not challenge this finding on appeal, we do not address it. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (declining to address merits of issue not raised in brief on appeal).

[2]From our review of the docket sheet, we have confirmed that, as Williams alleges, he was a pretrial detainee on August 4, 2002, when he filed the instant claim. While "[c]laims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause," Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996), we have held that, "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons," Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1985).

and urges us to consider the totality of the circumstances, including the fact that he is proceeding pro se. After careful review, we affirm.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion. See Gitlitz v. Compagnie Nationale Air France,129 F.3d 554, 556-557 (11th Cir. 1997). Federal Rule of Civil Procedure 56(c) states that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P 56(c).

It is well-settled that deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976). However, "[m]edical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' Mere incidents of negligence or malpractice do not rise to the level of constitutional violations." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal citations omitted).

"An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to

establish the detrimental effect of [the] delay in medical treatment." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994). "[D]elay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute an Eighth Amendment violation." Id. at 1187-88. Moreover, when an inmate receives adequate medical care, but desires "different modes of treatment, the care the jail provided [does] not amount to deliberate indifference." Hamm, 774 F.2d at 1575.

Here, the medical evidence showed the following: (1) when Williams reported that he had pain in his chest, he was prescribed pain medication within one day; (2) Williams was referred to an outside hospital for a surgical procedure; (3) post-surgery, Williams's bandages frequently were changed; and (4) when Williams was prescribed cocoa butter cream, the Jail provided him with a cocoa butter stick. Contrary to Williams's arguments on appeal, the record shows that Williams's requests for medical attention never were ignored, but, to the contrary, each time that he requested medical attention, he received it. Although Williams claimed that the defendants' delay in changing his bandages caused him to develop an infection, there is no evidence establishing that the infection was caused by the alleged failure to change his bandages, rather than as a natural effect of his surgery. See Hill, 40 F.3d at 1188. Moreover, although the evidence showed that Williams

4

was denied the cocoa butter cream, he was provided with a stick and, while that was not his preference, such a claim does not establish deliberate indifference. See Hamm, 774 F.2d at 1575.

Here, the record evidence showed that Williams was provided with a significant amount of medical care while at the SFRJ, and any delay or inattention by the defendants was not so excessive as to rise above simple negligence. See Harris, 941 F.2d at 1505. Moreover, Williams offered no verifying medical evidence, instead just summarily contesting the way that the medical records submitted by the defendants portrayed the course of events.

In sum, on this record, the district court correctly granted summary judgment for the defendants and accordingly we affirm.

**AFFIRMED.**